IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DOUG WHITE,**

*Plaintiff,*

v.

**HTC METALS, INC.,**

*Defendant.*

CAUSE NO. 3:24-CV-795-CWR-LGI

## ORDER

Plaintiff, Doug White, moved the Court for partial summary judgment on the issue of liability. Docket No. 16. Because "the issue of liability" does not perfectly track any element of Mr. White's claims but summary judgment is appropriate on some elements of his claims, Mr. White's motion is granted in part and denied in part.

### Background

Mr. White owns a rare convertible 1970 Chevrolet Chevelle SS. Mr. White contracted with Defendant, HTC Metals, Inc., to perform an acid bath, designed to strip the vehicle's body to bare metal to prepare the vehicle for painting. Mr. White claims that his Chevelle sustained catastrophic damage during this process and is now a total loss.[1] Mr. White filed suit against HTC, asserting claims for negligence and breach of contract.

### Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

---

[1] Mr. White alleges that, during the acid dipping, the car's metal structure was severely damaged, dissolving large portions of the vehicle.

Fed. R. Civ. P. 56(a). Admissions "can be an appropriate basis for granting summary judgment." *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001) (citing Fed. R. Civ. P. 56(c)). A party seeking to avoid summary judgment must identify admissible evidence in the record showing a fact dispute. *Id.* at 56(c)(1). "Once a summary judgment motion is made and properly supported, the nonmovant must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. Neither conclusory allegations nor unsubstantiated assertions will satisfy the nonmovant's burden." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations and quotation marks omitted).

### Discussion

Mr. White filed the present motion on January 25, 2026, and HTC never responded. Mr. White moved for entry of summary judgment on the issue of HTC's liability, leaving the amount of damages to be determined at trial. Mr. White provides two bases for his motion: HTC's failure to respond to requests for admission, and HTC's failure to retain an expert to opine on causation and the acid-dipping procedure. The Court begins with the requests for admission.

On September 30, 2025, Mr. White propounded interrogatories, requests for production, and requests for admission. In pertinent part, those discovery devices contained requests that HTC admit the following:

> REQUEST NO. 1: Admit that following the acid bath performed by HTC Metals, Inc., Mr. White's 1970 Chevrolet Chevelle SS convertible sustained severe damage.

> REQUEST NO. 2: Admit that following the acid bath performed by HTC Metals, Inc., Mr. White's 1970 Chevrolet Chevelle SS convertible was rendered without value.

2

REQUEST NO. 6: Admit that HTC Metals, Inc. breached its duty of reasonable care by negligently performing the acid bath on Mr. White's 1970 Chevrolet Chevelle SS convertible.

Docket No. 16-1 at 2. HTC never answered or objected to these requests for admission.

HTC's failure to respond to Mr. White's requests for admission requires that those requests are deemed admitted. "Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact." *In re Carney*, 258 at 419 (citations omitted). The Rule provides that a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Any matter admitted "is conclusively established[.]" Fed. R. Civ. P. 36(b). HTC's failure to respond to Mr. White's requests has the same effect as if HTC had affirmatively admitted the matters; HTC merely supplied its admissions by default. And, as the Fifth Circuit has held, "if the requests for admissions concern an essential issue, the failure to respond to requests for admission can lead to a grant of summary judgment against the non-responding party." *Hill v. Brezeale*, 197 F.App'x 331, 336 (5th Cir. 2006) (citing *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 548-49 (5th Cir. 1985)). *See also Fulgham v. Evans*, No. 3:19-CV-61-CWR-FKB, 2022 WL 2158326, at *2 (S.D. Miss. June 14, 2022) (citing same).

Once a matter is deemed admitted, that admission can only be withdrawn or altered by motion under Rule 36(b). *In re Carney*, 258 at 419 ("This Circuit has stressed that a deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b).") (citation omitted); *id.* at 420 ("[T]he proper course for a litigant that wishes to avoid the consequences of failing to timely respond to Rule 36 requests for admission is to move the

3

court to amend or withdraw the default admissions in accordance with the standard outlined in Rule 36(b)."). HTC filed no such motion.

The Court now considers the effect of these admissions on Plaintiff's claims. Mr. White brings claims of negligence and breach of contract. This Court's jurisdiction is based in diversity, so the Court turns to the substantive law of Mississippi. *Krieser v. Hobbs*, 166 F.3d 736, 739 (5th Cir. 1999) ("It goes without saying that, for a diversity action, we apply state substantive law[.]") (citation omitted).

Analysis of the negligence claim is simple. A claim for negligence has four familiar elements: duty, breach, causation, and damages. *Sanderson Farms, Inc. v. McCullough*, 212 So. 3d 69, 76 (Miss. 2017) ("[T]o prevail on a claim of negligence, the plaintiff must establish by a preponderance of the evidence each of the elements of negligence: duty, breach, causation and injury.") (quotation marks and citation omitted). Admitting Request No. 6 means that HTC admits: (1) HTC was under a duty of reasonable care; and (2) HTC breached that duty by negligently performing the acid bath. HTC has therefore admitted the first two elements of Mr. White's negligence claim—duty and breach. Admitting Requests Nos. 1 and 2 means that HTC admits that Mr. White's car suffered "severe damage" and was "rendered without value." These admissions acknowledge that some damage occurred, but they do not admit what amount. No admission establishes causation. Due to HTC's admissions, summary judgment is appropriate with respect to the issues of duty and breach on Mr. White's negligence claim.

HTC's admissions may be used to prove Mr. White's contract claim, but they do not require judgment on any of its elements. "A breach-of-contract case has two elements: (1) the existence of a valid and binding contract, and (2) a showing that the defendant has broken,

4

or breached it." *Maness v. K & A Enterprises of Miss., LLC*, 250 So. 3d 402, 414 (Miss. 2018) (quotation marks and citation omitted). None of the foregoing admissions eliminate the need for Mr. White to prove these elements altogether; however, they may be used to support his case, *e.g.*, HTC's admission that it breached its duty of care may be used to show that HTC materially breached some portion of its contract with Mr. White.

The Court now turns to Mr. White's second basis for partial summary judgment: HTC's failure to timely designate an expert to opine on the acid-dipping procedure and the causation of the vehicle's destruction.

HTC's deadline to designate expert witness(es) was December 17, 2025. Docket No. 7 at 4. HTC did not designate any such witness(es).

Mr. White bears the burden of proving the elements of his claims. He argues that some elements of his claims require expert testimony to prove. For example, he says expert testimony is necessary to demonstrate "what the proper acid concentration and procedure should have been, how a vehicle's metal should react if handled correctly, how long the vehicle should be submerged in the solution, and how HTC's failures caused the catastrophic damage." Docket No. 17 at 8. To meet his burden, Mr. White retained an expert. HTC did not. While HTC's decision not to designate an expert precludes it from offering its own expert testimony to rebut expert testimony put on by Mr. White,[2] it does not result in judgment as a matter of law in Mr. White's favor. Mr. White still must carry his burden by persuading the finder of fact. He has not done so in this motion. He cannot shift his burden onto HTC.

---

[2] HTC may not now designate an expert witness. That is the proper penalty for failing to comply with the case management order or moving to amend it.

5

**Conclusion**

Partial summary judgment is appropriate in this case. Summary judgment is entered in favor of Mr. White on the elements of duty and breach for his claim of negligence. Mr. White's motion is otherwise denied.

**SO ORDERED**, this the 17th day of June 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE